**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JONATHAN I. HILL                                                                                    PETITIONER
REG. # 14553-026,

v.                                              2:14CV00003-DPM-JJV

FCC FORREST CITY;
ANTHONY HAYNES                                                                                  RESPONDENTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Jonathan Hill, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1).  Respondent filed the Response and Motion to Dismiss on March 24, 2014 (Doc. No. 20).  For the reasons that follow, it is recommended that the Petition (Doc. No. 1) be DISMISSED.

## I.     PROCEDURAL HISTORY

Petitioner Jonathan Hill pled guilty to felon in possession of a firearm and on March 19, 2007, the United States District Court of the Central District of Illinois sentenced him to forty-eight months' imprisonment and three years of supervised release. (Doc. No. 20-1.)  Mr. Hill did not appeal. (Doc. No. 20-2.)  After serving forty-three months, he was moved to a halfway house in Springfield, Illinois to serve the remaining five months of his sentence.  While in the halfway house, Mr. Hill was arrested by Illinois law enforcement officers for entering a home and striking a woman on the head with a pistol.  Because he was in state custody without having completed his federal sentence, the Bureau of Prisons (BOP) obtained a federal detainer for custody after his release from state custody. (Doc. No. 20.)  Mr. Hill was sentenced to seven years' imprisonment in the Illinois Department of Corrections for the aggravated battery charge.  (*Id.*) After serving his state sentence,

Mr. Hill was told to report to the Federal Probation Office in Springfield, Illinois to begin serving his three years of supervised release. (Doc. No. 20-3.)

On April 26, 2013, a petition to revoke Mr. Hill's supervised release was filed. (Doc. No. 20-2.) At a revocation hearing on July 8, 2013, Mr. Hill admitted to a portion of the charges. The court revoked his supervised release, and sentenced him to twelve months' imprisonment to run consecutively to any uncompleted term, and two years of supervised release. (*Id.*)

On December 30, 2013, Mr. Hill filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court in Illinois. (Doc. No. 20-3.) He argued that the sentence imposed for revocation was unlawful because he had not completed his federal sentence and should not have been on supervised release. He also argued that he received ineffective assistance of counsel because his attorney did not file a notice of appeal. This motion is still pending.

On January 8, 2014, Mr. Hill filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) raising the same arguments in his § 2255 motion before the United States District Court in Illinois. (Doc. No. 20-3.) Mr. Hill seeks relief in this Court pursuant to 28 U.S.C. § 2241 while, as previously noted, his § 2255 motion is still pending.

## II. DISCUSSION

Respondent argues this Court lacks jurisdiction to hear Petitioner's § 2241 claims because he challenges his conviction and sentence. According to Respondent, such challenges are only cognizable in a § 2255 motion, unless the Petitioner can prove that a § 2255 motion is an inadequate or ineffective method for challenging the conviction. Respondent argues that Petitioner cannot meet this burden because the Illinois court has not ruled on his motion yet. Additionally, a prisoner cannot raise in a § 2241 motion filed in the district of incarceration, an issue which was actually raised or

3

could have been raised in the § 2255 motion filed in the sentencing district. *Hill v. Morrison,* 349 F.3d 1089, 1092 (8th Cir. 2003). The Court agrees.

Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 125 S.Ct. 2984 (2005). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court, and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated. *Nichols*, 553 F.3d at 649. While the Petitioner is currently incarcerated in the Eastern District of Arkansas and this Court retains jurisdiction to decide a habeas corpus petition under § 2241, Petitioner's claims are more appropriate in a § 2255 petition, which is currently pending in Illinois.

However, "§ 2255 contains a narrowly circumscribed 'safety valve' that permits a federal prisoner to petition for a writ of habeas corpus under § 2241 if it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002); *Abdullah v. Hedrick*, 392 F.3d

957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant ha[d] failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d. at 959.

In the instant case, Mr. Hill cannot assert that his § 2255 relief in the sentencing court was inadequate or ineffective because the court has not yet ruled on his motion. Mr. Hill raises the same arguments in his § 2241 Petition as are in his § 2255 motion, which is still pending in Illinois. Accordingly, this Court lacks jurisdiction and cannot entertain his Petition under 28 U.S.C. § 2241. As such, Mr. Hill's § 2241 Petition should be DISMISSED.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 20) be GRANTED;

2. Mr. Hill's 28 U.S.C. § 2241 Petition (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

3. All pending motions be DENIED as moot.

DATED this 3rd day of April, 2014.

                                            JOE J. VOLPE
                                            UNITED STATES MAGISTRATE JUDGE